SECOND DEPARTMENT, SEPTEMBER, 1991

(September 4, 1991)

■ In the Matter of CHARTER LEAGUE AND CITIZENS COUNCIL

OF NEW ROCHELLE, INC., et al., Respondents, v CAROLLEE C. SUNDERLAND et al., Respondents, and CHARTER REVISION COMMISSION OF THE CITY OF NEW ROCHELLE, Appellant.—In a special proceeding pursuant to Election Law § 16-104 (2) contesting the wording of abstracts and forms of submission of propositions proposed by the Charter Revision Commission of the City of New Rochelle for submission to the electorate at a referendum to be held on September 12, 1991, the Charter Revision Commission of the City of New Rochelle appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered August 9, 1991, which granted the petition, declared the subject abstracts and propositions null and void, and permanently enjoined the City of New Rochelle from conducting a referendum thereon.

Ordered that the judgment is affirmed, without costs or disbursements.

The City of New Rochelle currently has a city-manager form of government with a City Council comprised of five persons—the Mayor and four council members who are elected at large. On August 31, 1990, the Mayor of the City of New Rochelle created a Charter Revision Commission pursuant to Municipal Home Rule Law § 36 (4). On June 28, 1991, the Charter Revision Commission filed two propositions with the City Clerk for submission to the voters at a referendum to be held on September 12, 1991.

The amendment to the local law proposed by Proposition No. 1 provides for the abolition of the position of City Manager, the establishment of the Office of the Mayor independent of the City Council, and the creation of a seven-member City Council. The proposition also provides that the current City Council, comprised of the Mayor and four council members, shall continue up to and including May 31, 1992, and that the members of the new City Council and the Mayor shall take office on June 1, 1992, after an election to be held in April 1992.

The amendment to the local law proposed by Proposition No. 2 provides for the creation of a commission, appointed by the Mayor, to establish seven districts from which the members of the City Council will be elected, thereby converting the City Council from a body elected at large to a body elected by districts. If approved, however, Proposition No. 2 would become effective only if Proposition No. 1 were to be approved by the voters.

NY Constitution, article XIII, § 8, requires that all elections

of city officers, except to fill vacancies, be held in November of odd-numbered years and that their terms of office expire at the end of odd-numbered years. A "new" or "additional" office is vacant from the date of its creation (see, Public Officers Law § 30 [2]).

The appellant's contentions to the contrary notwithstanding, Proposition No. 1 creates only three "new" or "additional" council seats. It, therefore, violates NY Constitution, article XIII, § 8, by requiring that the terms of office of the four incumbent council members expire in the middle of an even-numbered year and that elections therefor be held in April of an even-numbered year.

In view of the foregoing, Proposition No. 1 was properly barred from appearing on the ballot. Since Proposition No. 2 cannot stand independent of Proposition No. 1, it was also properly barred from appearing on the ballot.

We have considered the appellant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.